# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN T. WALKER, | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 13-7556 |
| FRANK REGAN et al., | : | |
| *Defendants*. | : | |

# M E M O R A N D U M

PRATTER, J.                                                                                                                           JANUARY 9, 2018

Mr. Walker's case has a voluminous procedural history before this Court. However, the operative issue should be construed narrowly. With the Court's June 8, 2015 opinion, Mr. Walker received leave to file his fifth amended complaint to attempt to allege a "claim that the unsanitary conditions of his cell violated the Eighth Amendment." June 8, 2015 Mem. Op. at 16 (Doc. No. 65). In response to the amended complaint, the defendants filed the instant motions to dismiss.

The sole remaining issue is whether Mr. Walker can state a claim under the Eighth Amendment's prohibition on cruel and unusual punishments by alleging that the sewage system at the prison often backs up when other inmates flush their toilets. Mr. Walker's claims fall into two categories: First, Mr. Walker claims that the singular incident he complained about suffices as cruel and unusual punishment. Second, Mr. Walker claims he is living under the auspices of a pervasive pattern that violates the Eighth Amendment.

For the reasons that follow, Mr. Walker's Eighth Amendment claim based on the single 2013 incident is dismissed with prejudice because it fails as a matter of law. Mr. Walker's claim of a pervasive pattern is dismissed as well, given that Mr. Walker's pervasive claim lacks any grievance report. Mr. Walker's pervasive pattern claim is dismissed without prejudice so that he

may endeavor to exhaust his administrative remedies. Mr. Walker's attempts to amend his complaint to add new parties are also dismissed for the same reasons stated above.

Given that the only remaining claims are the retaliation claims against Mr. Regan, the case will proceed with these claims. *Jones v. Bock*, 549 U.S. 199, 221 (2007) (holding that in the context of the Prison Litigation Reform Act (PLRA, 42 U.S.C ¶ 1997e), "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad"). Mr. Walker may exhaust his administrative remedies as to the pervasive Eighth Amendment claims, and file them in a separate action after he has exhausted his claims.

## BACKGROUND

I. **Alleged Facts By Mr. Walker**[1]

Mr. Walker is serving a life sentence at SCI-Graterford for his conviction of first degree murder and aggravated assault in 1992. In 2013, the toilet in Mr. Walker's cell in D block at Graterford continually backed up with human waste from other inmates, apparently when they flushed their toilets. These toilets are located in the individual cells where the inmates sleep. In accordance with the prison's grievance procedures, Mr. Walker filed a grievance that stated (in its entirety) that "human waste keeps backing up in my toilet." In the grievance, it seems that Mr. Walker wrote down the wrong cell number. The prison plumbers promptly addressed and fixed the issue in the cell listed on the grievance, albeit the wrong cell. After the issue was not fixed in his own cell, Mr. Walker appealed his grievance, and the grievance was remanded to the facility manager to have the issue fixed in Mr. Walker's cell. Mr. Walker's toilet was fixed 12 days after the grievance was remanded, and Mr. Walker never filed another grievance or appealed his 2013 grievance.

While all parties agree that the facility manager corrected the issue at the time, Mr. Walker claims that the issue has nevertheless persisted. Mr. Walker also alleges that this is a

---

[1] The facts recounted here come from Mr. Walker's Fifth Amended Complaint and are assumed true for purposes of this analysis. More detailed background and facts were recounted in this Court's June 8, 2015 memorandum opinion.

systemic plumbing issue throughout the D cell block. In addition to Mr. Walker's own statements, he submitted five affidavits from members of the D block indicating that their toilets routinely back up, that they require cleaning, and they continually smell of fecal matter.

## II. Legal Standard

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). But the Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted). To survive a motion to dismiss, the plaintiff's complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

## DISCUSSION

Mr. Walker alleges that his cell was unsanitary to such an extent that it violated the Eighth Amendment's prohibition on cruel and unusual punishments. In a change from his fourth amended complaint, Mr. Walker now emphasizes a continual pattern within the Graterford prison block that continued after his initial 2013 grievance. Accordingly, the Court construes Mr. Walker's *pro se* pleading as bringing two categories of claims: First, that his toilet issue in 2013 was an Eighth Amendment violation, and second, that there was (and is) a continuing pattern of toilets backing up, which rises to the level of an Eighth Amendment violation.

### I.     2013 Complaint

To state a claim against an individual under § 1983, a plaintiff must show that the defendant (1) was a person who (2) under the color of state law (3) caused a (4) deprivation of constitutional rights. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Under the Eighth Amendment, Mr. Walker must allege "that he has been deprived of the minimal civilized measure of life's necessities. This includes proving that the deprivation suffered was sufficiently serious, and that a prison official acted with deliberate indifference in subjecting him to that deprivation." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997). The named defendants must have known that an inmate "face[d] a substantial risk of serious harm and" must have "disregarde[d] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

"Unsanitary conditions can be cruel and unusual," *Allah v. Bartkowski*, 574 F. App'x 135, 138 (3d Cir. 2014), but the mere presence of an unsanitary condition at a given point in time does not rise to the level of an Eighth Amendment violation. "It is questionable if having . . . a toilet that backs up sometimes is really an 'atypical and significant hardship in relation to the

4

ordinary incidents of prison life.'" *Burkholder v. Newton*, 116 F. App'x. 358 (3d Cir. 2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "Courts have found that the Eighth Amendment is not violated in much more harsh conditions." *Id*. See *Peterkin v. Jeffes,* 855 F.2d 1021, 1026–28 (3d Cir. 1988) (forcing an inmate to sleep on a dirty mattress on the floor did not violate the Eighth Amendment); *Blizzard v. Watson,* 892 F. Supp. 587, 591, 598 (D. Del. 1995) (dismissing an Eighth Amendment claim where the plaintiff claimed he was awakened "by urine splashing on his leg from a prisoner using the toilet near his bed"); *Wilson v. Schomig,* 863 F. Supp. 789, 794–95 (N.D. Ill. 1994) (cited favorably by the Third Circuit Court of Appeals, and ruling that an inmate's claim that he was forced to sleep on urine and feces-stained mattress in dirty, roach-infested, leaky cell was not enough to make out an Eighth Amendment claim without a showing of physical harm).

Mr. Walker's claim that a toilet backed up in 2013 does not rise to the level of an Eighth Amendment violation. The complaint alleges that Mr. Walker notified the prison officials, and once his own error in identifying the cell was corrected, the problem was promptly fixed. There is no evidence that this was intentional, and a single instance of increased water pressure on the toilet does not rise to the level of "cruel and unusual" punishment, given that Mr. Walker must show the prison officials' "deliberate indifference in subjecting him to that deprivation." *Griffin*, 112 F.3d at 709. Mr. Walker's amended complaint similarly fails to draw the requisite connection between the named defendants and the alleged deprivation, as this Court directed in the June 8, 2015 memorandum opinion. Mr. Walker does not allege that this 2013 incident was done intentionally, or that any official knew of the situation and failed to take steps to remedy it within a reasonable time. On the contrary—the pleadings show that the prison rectified the

problem once Mr. Walker corrected the key error he made on his form. This claim is therefore dismissed.

## II. Persistent Sanitation Issues

The Court is bound to construe *pro se* pleadings liberally. Thus, the Court observes that Mr. Walker also makes a claim that this is a continuing issue. While prison conditions need not be utopic, they must adhere to "civilized standards of humanity and decency." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997). At a minimum, prison officials should make reasonable efforts to ensure that the prison itself is maintained in a manner that is in keeping with basic minimum standards of living in America. The chamber pot is a thing of the past, and forcing inmates to sleep with their heads next to a toilet continually filled with feces is neither sanitary nor in keeping with the Eighth Amendment, given that it is not "reasonably related to legitimate penological interests." *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Toilets backing up from time to time is an unpleasant fact of everyday life, but a toilet that a person cannot freely move away from, and which is continually filled with fecal matter, can present a seriously unsanitary condition that may implicate the Eighth Amendment.

Mr. Walker has alleged that this is a potential issue sufficient for him to make it past the motion to dismiss, but he has failed to exhaust his administrative remedies. The PLRA requires that no "action shall be brought with respect to prison conditions under section 1983 [by a prisoner] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies must be analyzed in a motion to dismiss. *Booth v. Churner*, 532 U.S. 731 (2001) (upholding a district court's dismissal of a complaint for failure to exhaust administrative remedies); *Small v. Camden Cty.*, 728 F.3d 265, 271 n.5 (3d Cir. 2013)

("exhaustion determinations [should] be made before discovery or with only limited discovery"). However, "failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff." *Small*, 728 F.3d at 268; *see also Jones v. Bock*, 549 U.S. 199, 212, 216–17 (2007).

The Department of Corrections has a grievance system in place with multiple levels of appeal. The defendants here have presented evidence that Mr. Walker never filed a new grievance after his 2013 grievance was honored and corrected, nor did he file an appeal of that grievance indicating that the problem persisted. Mr. Walker himself does not dispute this, given that the complaint details only his 2013 grievance. Mr. Walker's claim of a continuing violation is therefore dismissed because Mr. Walker must first exhaust his administrative remedies.

Exhaustion requirements exist to allow the proper agency to rectify the problem before the courts are forced to step in. There is little evidence on the record to show that Graterford personnel knew that this was an ongoing problem, or that the initial actions taken in 2013 did not fix the problem. Mr. Walker's grievance must give the prison notice that the actions they have taken are insufficient to fix the problem. His one-sentence 2013 grievance, which states in its entirety that "human waste keeps backing up in my toilet" is insufficient to inform prison officials that this is a persistent issue throughout the prison block. If Mr. Walker wishes to pursue his claim, he must file a grievance with specificity, including (to the extent reasonable) how often this is (or was) an issue, how long the issue has been extant, what steps have been taken to correct it, and if those steps were unsuccessful. Only then would prison officials properly be on notice of an unresolved (or potentially unresolvable) persistent issue so that Mr. Walker's administrative remedies may be deemed exhausted. Though Mr. Walker's complaint is dismissed, it is dismissed without prejudice so that he may exhaust his administrative remedies.

*Booth v. Churner*, 532 U.S. 731 (2001) (holding that dismissal of a complaint for failure to exhaust administrative remedies is without prejudice).

**III.     Conclusion**

For the reasons discussed above, the Court dismisses any claims stemming solely from Mr. Walker's 2013 grievance, with leave for Mr. Walker to exhaust his administrative remedies regarding an alleged persistent unsanitary condition. The instant case will proceed with the claims against Officer Regan. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE