# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAWN T. WALKER,** *Plaintiff* | : : : | **CIVIL ACTION** |
| v. | : : | |
| **FRANK REGAN et al.,** *Defendants* | : : : | **No. 13-7556** |

## MEMORANDUM

PRATTER, J.                                                                                                                     FEBRUARY 4TH, 2020

This First Amendment retaliation lawsuit is set for trial to commence on March 23, 2020. The case has been litigated since 2013, and over time, Mr. Walker has levelled a series of claims against numerous prison officials for alleged violations during his incarceration at SCI-Graterford. In the last of a series of rulings, in February 2019, the Court granted summary judgment in part. Of particular relevance, the Court permitted a First Amendment retaliation claim lodged against now retired Prison Unit Manager Frank Regan to proceed, reasoning that there was a factual dispute with respect to whether, after Mr. Walker sued Mr. Regan in this lawsuit, Mr. Walker engaged in conduct that warranted (1) Mr. Regan's order to move Mr. Walker to Upper H block, and (2) a subsequent write up of Mr. Walker for misconduct.[1]

The Court now addresses Mr. Walker's pretrial requests seeking, in sum, an order requiring the production of three SCI-Phoenix inmates to testify at trial and an order limiting the admissibility of evidence presented at trial. For the reasons set forth herein, the Court denies Mr. Walker's requests.

---

[1] The Court set forth in detail the background of this case in the summary judgment ruling of February 2019. *See* Doc. No. 131. For purposes of this ruling, the Court does not reiterate the extensive background.

1

## I. Mr. Walker's Petitions for Writ of Habeas Corpus Ad Testificandum

Mr. Walker seeks an order directing the superintendent of SCI-Phoenix, where Mr. Walker resides, to produce three inmates, who are also incarcerated there, to testify at trial.

Specifically, Mr. Walker seeks an order requiring inmate Christopher Williams to testify "regarding the living conditions for prisoners that were housed on the 'New Side' of Graterford prison compared to the prison's general population and why he was housed on the 'New Side.'" Pl.'s Pretrial Memo. (Doc. No. 150), pp. 4-5.[2] Mr. Walker also seeks an order requiring inmate Curtis Govan to appear at trial to testify on the same issues.[3]

Mr. Walker also seeks an order requiring inmate Hugh Williams to appear at trial to "testify that he was housed [sic] the honor block before the Defendant arranged to have him moved to D Block a more restricted housing unit." Pl.'s Pretrial Memo. (Doc. No. 150), p. 5. Allegedly, the "honor block" is the B-Block.

In opposition, Mr. Regan argues that the testimony of these three inmates is not relevant and/or would be cumulative. Mr. Regan also contends that Mr. Walker did not identify any of these individuals in his deposition nor were these individuals included in any misconduct paperwork (for example, Mr. Walker's request for representation and witnesses during the underlying investigation related to the misconduct charge).

The Court agrees that the proposed testimony, as presented, would either be irrelevant or cumulative of evidence that will be proffered at trial. First, with respect to the proposed testimony of Christopher Wiliams and Curtis Govan, while there is a factual dispute as to the issue of whether

---

[2] The Court notes that while Mr. Walker did not specify the scope or content of Mr. Williams' purported testimony in his petition, Mr. Walker proffered some of that information in his pretrial memorandum.

[3] According to Mr. Walker, Upper H-Block is on the "new side" of the prison. *See* MSJ Ex. D1 at 66:15-24, 67:1-9.

2

B-Block (where Mr. Walker was initially housed) and Upper H-Block (Mr. Walker's proposed transfer destination) were comparable, *see generally* Doc. No. 131, Mr. Walker has not demonstrated how Mr. Williams or Mr. Govan would have admissible testimony to proffer. Mr. Regan has submitted proof that Christopher Williams and Curtis Govan were never housed in the "new side" of SCI-Graterford, or H-Block. Thus, it does not appear that these individuals could offer testimony from their personal knowledge of the conditions in this building or their reasons for transfer there, if in fact, they were never housed there. Further, as far as the Court has been informed, Mr. Walker plans to testify at his trial. He can proffer his own testimony, as he did at summary judgment, with respect to how the two blocks differ, in support of his retaliation claim. Thus, the proposed testimony of these individuals would also be, at best, cumulative.

With respect to the proposed testimony of Hugh Williams, as set forth in the Court's summary judgment ruling, the record reflects that Mr. Walker was never actually moved to Upper H-Block, but rather, to D-Block, after the alleged encounter with Mr. Regan which gave rise to Mr. Regan's alleged retaliatory acts. The Court construes the proffered testimony of Hugh Williams to relate to this fact. However, such testimony, again, would be cumulative because Mr. Walker can testify to the fact of his own housing in B-Block before being transferred eventually to D-Block. Consequently, the Court denies Mr. Walker's requests as to this witness as well.

## II.     Mr. Walker's Motion in Limine

The Court will also deny Mr. Walker's motion in limine.

Mr. Walker succinctly "moves . . . to limit the admissibility of evidence to those facts that are material to the issues presented in this civil rights action . . . and to preclude the Defendant from examining witnesses, presenting testimony, or introducing any other evidence at trial

3

regarding the criminal convictions, sentence, length of incarceration, and institution misconducts of Mr. Walker and the incarcerated witnesses." Motion in Limine (Doc. No. 151), p. 1.

Mr. Regan's defense theory in this case is, in part, that he was motivated to move Mr. Walker to Upper H-Block because of Mr. Walker's prior conviction (murder) and his placement in the capital case unit for many years. Thus, Mr. Regan argues that the above evidence Mr. Walker seeks to preclude is highly relevant and not unduly prejudicial because it is probative of a lawful reason for why Mr. Regan sought to transfer the plaintiff. Mr. Regan also contends that the underlying misconduct charge that Mr. Walker alleges was lodged in retaliation is admissible.

The Court will permit limited, non-cumulative and factual evidence of Mr. Walker's prior conviction, sentence, length of incarceration, and institutional misconduct(s). Evidence proffered within the confines permitted by the Court that relates to Mr. Regan's reasons for seeking to move Mr. Walker or that is part of the underlying factual circumstances that gave rise to this lawsuit is probative and outweighs any danger of unfair prejudice. *See* Fed. R. Evid. 403. The Court also notes that some of this information may, under some circumstances, be used to impeach Mr. Walker, and a determination to preclude such evidence at this time would be premature. *See* Fed. R. Evid. 609. If Mr. Walker's concerns persist at trial, he may object to this evidence at trial or request that the Court address any prejudice with an appropriate instruction to the jury.

### Conclusion

For the reasons set forth above, the Court denies Mr. Walker's petitions and motion in limine. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

4