**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAWN T. WALKER,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **FRANK REGAN,** | : | **No. 13-7556** |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                                                      MARCH 31, 2021

Frank Regan asks the Court to reconsider (Doc. No. 175) its February 27, 2019 Memorandum and Order (Doc. Nos. 131, 132), denying his motion for summary judgment as to Shawn T. Walker's 2014 retaliation claim.[1]  Mr. Regan argues that reconsideration is warranted because of a recent appellate decision regarding qualified immunity.  Because Mr. Regan had not asserted a qualified immunity defense when he moved for summary judgment, and because the Court's decision was not based on that legal doctrine, there is nothing for the Court to reconsider in terms of qualified immunity.  The Court denies the motion.

### BACKGROUND

Mr. Walker is serving a life sentence at SCI-Phoenix.  His First Amendment retaliation claim at issue here relates to incidents in June 2014.  At that time, Mr. Walker was housed at SCI-Graterford and Mr. Regan was a unit manager corrections officer.  Just over two weeks after Mr. Walker initiated this lawsuit, which included multiple claims against Mr. Regan and other defendants—and one day after Mr. Regan moved to dismiss the initial complaint—Mr. Regan told Mr. Walker to get ready to move to Upper H-Block, a cell block on the opposite end of the prison.

---

[1]      The same Memorandum and Order also granted Mr. Regan summary judgment as to Mr. Walker's 2013 retaliation claim, which was based on Mr. Walker's allegation that Mr. Regan raised his custody level in retaliation for Mr. Walker's refusal to accept the loss of his Z-Code status that had permitted him a single cell. *Walker v. Regan*, No. 13-cv-7556, 2019 WL 1003155, at *1-2 (E.D. Pa. Feb. 27, 2019).

A verbal exchange occurred. Mr. Walker later learned that Mr. Regan had charged him with misconduct for making threats and refusing an order. Mr. Walker alleges that the move to Upper H-Block and the misconduct charge were in retaliation for filing this lawsuit against Mr. Regan.[2] As stated above, the Court granted Mr. Regan's motion for summary judgment as to Mr. Walker's 2013 retaliation claim but denied it as to Mr. Walker's 2014 retaliation claim and his request for punitive damages. *See Walker v. Regan*, No. 13-cv-7556, 2019 WL 1003155, at *1 (E.D. Pa. Feb. 27, 2019).

Mr. Regan now moves for reconsideration, arguing that it was not clearly established in 2014 that a prisoner cell transfer to another block or a misconduct charge based on "some evidence" of misconduct were sufficiently adverse actions to constitute retaliation. Doc. No. 175. Mr. Regan bases his reconsideration motion on the Third Circuit Court of Appeals' decision in *James v. New Jersey State Police* where the appellate court noted that it "will consider only precedents that clearly established rights as of" the date of the alleged events at issue.[3] 957 F.3d 165, 170 (3d Cir. 2020) (finding trooper was entitled to qualified immunity because his use of deadly force did not violate a clearly established right). Mr. Regan also submitted to the Court a "Notice of Recent Decision" (Doc. No. 201) where the Third Circuit Court of Appeals noted that, for the purposes of qualified immunity, "[t]o be clearly established, a right must be so apparent that 'every reasonable official would understand that what he is doing is unlawful." *HIRA Educ. Servs. N. Am. v. Augustine*, No. 18-2377, 2021 WL 955948, at *6 (3d Cir. Mar. 15, 2021) (quoting *James*, 957 F.3d at 169).

---

[2]     The Court granted Mr. Walker leave to amend his complaint several times. The current operative pleading is Mr. Walker's Fifth Amended Complaint. Doc. No. 76.

[3]     A petition for certiorari was docketed in the United States Supreme Court on January 4, 2021. *See James v. Bartelt*, No. 20-997.

2

## LEGAL STANDARD

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not [previously] available . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are granted sparingly because "[f]ederal courts have a strong interest in the finality of judgments." *Roofers Local No. 30 Combined Pension Fund v. D.A. Nolt, Inc.*, 719 F. Supp. 2d 530, 554 (E.D. Pa. 2010), *aff'd*, 444 F. App'x 571 (3d Cir. 2011).

Under Local Rule 7.1(g) of this Court, "[m]otions for reconsideration . . . shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e)." The Third Circuit Court of Appeals has reiterated that under Rule 59(e) a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. *Long v. Atl. City Police Dep't*, 670 F.3d 436, 439 (3d Cir. 2012) (citing Fed. R. Civ. P. 59(e)).

Mr. Regan does not state under which Rule he moves for reconsideration. He appears to be moving under Rule 59(e) because he asserts that his Motion to Reconsider is based on new case law from the Third Circuit Court of Appeals regarding qualified immunity. But, as Mr. Walker points out, Mr. Regan filed his motion on April 28, 2020, some 426 days after the Court's Order. Thus, under Rule 59(e) Mr. Regan's motion is untimely, given that it is well beyond the required 28-day filing period.[4] *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (noting the time to file

---

[4]     Rule 6(b)(2) provides that "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b). 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2).

a Rule 59(e) motion is "short—28 days from entry of the judgment, with no possibility of an extension").

The only viable option under which the Court can consider Mr. Regan's motion is Rule 60(b)(6).  Rule 60(b)(6) motions allow relief from a final judgment, order, or proceeding for "any other reason that justifies relief" provided that the motion is "made within a reasonable time."[5] Fed. R. Civ. P. 60(c).  That said, the Third Circuit Court of Appeals has "consistently taken the position 'that intervening changes in the law *rarely* justify relief from final judgments under 60(b)(6).'"  *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 161 (3d Cir. 2017) (quoting *Cox v. Horn*, 757 F.3d 113, 121 (3d Cir. 2014)).

DISCUSSION

The Court will treat Mr. Regan's motion as a Rule 60(b)(6) motion.  The Third Circuit Court of Appeals has "long employed a flexible, multifactor approach to Rule 60(b)(6) motions, including those built upon a post-judgment change in the law, that takes into account all the particulars of a movant's case."  *Cox*, 757 F.3d at 122.  "A movant, of course, bears the burden of establishing entitlement to such equitable relief, which, again, will be granted only under extraordinary circumstances."  *Id.*

This flexible, multifactor approach includes consideration of:

> (1) the general desirability that a final judgment should not be lightly disturbed; (2) the procedure provided by Rule 60(b) is not a substitute for an appeal; (3) the Rule should be liberally construed for the purpose of doing substantial justice; (4) whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; (5) whether

---

[5]     Like Rule 60(b)(6), Rules 60(b)(4)-(5) are not subject to Rule 60(c)'s one-year filing deadline after the entry of judgment or order.  However, they do not apply to Mr. Regan's motion, which is purportedly based on new case law.  *See* Fed. R. Civ. P. 60(b)(4)-(5).  Rules 60(b)(1)-(3), which are subject to the one-year filing deadline, also do not apply to Mr. Regan's motion.

there are any intervening equities which make it inequitable to grant relief; (6) any other factor that is relevant to the justice of the order under attack.

*Burton v. Horn*, No. 09-cv-02435, 2018 WL 5264336, at \*5 (E.D. Pa. Oct. 22, 2018).

After considering these factors, the Court will deny Mr. Regan's reconsideration motion. Mr. Regan asks the Court to reconsider its prior decision because, he argues, the Third Circuit Court of Appeals' decision in *James v. New Jersey State Police*, 957 F.3d 165 (3d Cir. 2020), represents a change in the decisional law. Doc. No. 175 at 3. In *James*, the Third Circuit Court of Appeals stated that it "will only consider precedents that clearly established rights as of" the date where the events at issue occurred. 957 F.3d at 170. This is the first time that Mr. Regan argues that he is entitled to qualified immunity. Indeed, he admits that he did not raise this affirmative defense as to Mr. Walker's remaining 2014 retaliation claim in his summary judgment briefing.[6] Doc. No. 175 at 3. Accordingly, the Court did not consider whether Mr. Regan was entitled to qualified immunity when it denied summary judgment on the 2014 retaliation claim.

Mr. Regan appears to contend that, because the attempted transfer of Mr. Walker to a different cell block and his misconduct charge (which occurred during the same time frame Mr. Walker filed suit against Mr. Regan) took place in 2014, the Court cannot consider case law that post-dates those events. To that end, Mr. Regan takes issue with the Court's citation of the Third Circuit Court of Appeals' reasoning in *Watson v. Rozum*, a 2016 decision where the appellate court held that some evidence of misconduct is not a complete bar to a prisoner's claim of retaliation. 834 F.3d 417, 426 (3d Cir. 2016) (noting that prisoner's violation was "not so 'clear and overt'" for the Court to "conclude that he would have been written up if he had not also given

---

[6]     Mr. Walker argues that Mr. Regan has waived a qualified immunity defense having not raised it previously with respect to Mr. Walker's 2014 retaliation claim. Doc. No. 187 at 1-2. However, "[a] defendant may raise qualified immunity on the pleadings in a motion to dismiss, on summary judgment, or as an affirmative defense at trial." *Schneyder v. Smith*, 709 F. Supp. 2d 368, 387 (E.D. Pa. 2010), *aff'd*, 653 F.3d 313 (3d Cir. 2011).

prison officials 'a hard time'"). Mr. Regan argues that, prior to *Watson*, Third Circuit precedent allowed for the denial of retaliation claims where the defendant could show some evidence of misconduct and that the same decision would have been made. Doc. No. 175 at 5-6.

Mr. Regan's interpretation, however, does not find support within this Circuit. The appellate court stated in *Watson* that "this is not the first time that [it has] held that a plaintiff can make out a retaliation claim even though the charge against him may have been factually supported."[7] *Watson*, 834 F.3d at 426 (citing *Hill v. City of Scranton*, 411 F.3d 118, 130 (3d Cir. 2005) (noting plaintiffs "certainly do not need to allege or prove compliance with the ordinance to prevail on their First Amendment claim" because "[d]iscriminatory enforcement of a statute or ordinance is not justified simply because the enforcement is otherwise valid")). Mr. Regan argues that, in light of *James*, the Court's citation of *Watson* was improper, and, thus, he asks the Court to reconsider its opinion. However, "the Third Circuit Court of Appeals [in *Watson*] explicitly disavowed a method sometimes used by other courts, pursuant to which a prison official's showing of only 'some evidence of misconduct' can be enough to grant summary judgment." *Walker*, 2019 WL 1003155, at *8. Nothing in *James* calls into question the Court's earlier analysis or suggests that *James* overruled *Watson*'s holding that a plaintiff could show retaliation even when a charge against him may have been factually supported. *Watson*, 834 F.3d at 426.

Mr. Regan also takes issue with the Court's analysis of Mr. Walker's proposed transfer to Upper H-Block. Although it acknowledges the possibility that being placed in "administrative segregation would not deter a prisoner of ordinary firmness from exercising his or her First Amendment rights," the Third Circuit Court of Appeals has not articulated a bright-line rule that

---

[7]    In fact, the Court quoted some of that very language in its underlying opinion denying Mr. Regan's motion for summary judgment on Mr. Walker's 2014 retaliation claim. *See Walker*, 2019 WL 1003155, at *8.

"such action can never amount to adverse action. On the contrary, whether a prisoner-plaintiff has met that prong of his or her retaliation claim will depend on the facts of the particular case." *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000). It is those disputed facts that underscore the Court's ruling that summary judgment was not appropriate.

Mr. Regan also asks the Court to reconsider its opinion because of citation of a 2018 district court decision which noted that "a transfer into administrative or restrictive confinement, a less desirable cell or location within the prison, or a dangerous cell block might represent an adverse action." *Lawson v. Crowther*, No. 17-cv-39, 2018 WL 6524380, at *3 (W.D. Pa. Oct. 30, 2018), *report and recommendation adopted*, No. 17-cv-39-SPB, 2018 WL 6523185 (W.D. Pa. Dec. 12, 2018). Mr. Regan argues that *Lawson* post-dates the events at issue here by four years and should not have been considered. However, as the Court previously explained, *Walker*, 2019 WL 1003155, at *6, observing that an internal transfer may constitute an adverse action does not go against Third Circuit precedent, which has previously held that such a determination is fact dependent. *See Allah*, 229 F.3d at 225.

Here, there are clearly factual disputes as to whether a move to Upper H-Block would constitute an adverse action. The Court noted that two of Mr. Walker's prison counselors had expressed that Upper H-Block was a higher security block in the prison than B-Block (where Mr. Walker was housed) and that Mr. Walker testified that Upper H-Block was on the new side of the prison, which was more isolated. *Walker*, 2019 WL 1003155, at *6. In line with *Allah*, the Court held that the attempted move of Mr. Walker was enough to infer, at the summary judgment stage, that it was an actionable adverse action that could prevent a prisoner of ordinary firmness from exercising his First Amendment rights. *Id.*

7

Within this Circuit, it is "well settled that prisoners have a constitutional right to access []

the courts." *Allah*, 229 F.3d at 224. Here, a dispute exists as to whether Mr. Walker's lawsuit was

a substantial factor in the attempted transfer of him to Upper H-Block and the written misconduct

charge against him, the timing of which in relation to this litigation cannot be ignored. Thus, based

on these events, the Court found that Mr. Walker's 2014 retaliation claim survives summary

judgment. It sees no reason to disturb its initial finding.

### CONCLUSION

For the reasons set forth in this Memorandum, the Court denies Mr. Regan's Motion to

Reconsider. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE